IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIE MILLWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-62 |
| | ) | |
| LIGONIER VALLEY LEARNING | ) | Magistrate Judge Cathy Bissoon[1] |
| CENTER, INC. and GRANDVIEW | ) | |
| ELEMENTARY SCHOOL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Pending before the Court is Defendant Grandview Elementary School's Motion to Dismiss (Doc. 3). For the reasons stated herein, the Court will grant Defendant's motion.

**BACKGROUND**

**A. Factual Background**

Plaintiff Amie Millward alleges that she was hired by Defendant Ligonier Valley Learning Center, Inc. ("Ligonier") as a Behavior Specialist Consultant, and was sent "to work for" Defendant Grandview Elementary School ("Grandview") in October 2009. Complaint ¶¶ 4-15 (Doc. 1). Plaintiff alleges that the Vice Principal of Grandview, Jeff Magnani, sexually harassed her from November 2009 to December 2009. Id. at ¶¶ 16-56. During this time, Plaintiff was working with at least one "client," apparently a student, at Grandview. See id. at ¶¶ 21-22, 24-26.

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. See Consent forms (Docs. 10-12).

1

B. **Procedural Background**

Plaintiff filed a three-count complaint against Ligonier and Grandview[2] alleging (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1964; (2) retaliation in violation of Title VII; and (3) discrimination and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*[3]

Grandview moved to dismiss all counts against it, arguing that it cannot be liable to Plaintiff under Title VII or the PHRA because it is not Plaintiff's "employer."[4] In response, Plaintiff presents two theories of liability: (1) Grandview, though not Plaintiff's employer, may nonetheless be liable for interference with Plaintiff's employment opportunities; and (2) Grandview is Plaintiff's co-employer.

**ANALYSIS**

In deciding a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To survive a motion to dismiss, the factual allegations in a complaint must "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

---

[2] Grandview Elementary School apparently is not a legal entity, and Plaintiff's claims against Grandview Elementary School apparently are intended to be claims against Derry Area School District. See Def.'s Reply Br. at 1 n.1 (Doc. 16).

[3] Plaintiff's complaint incorrectly references 43 Pa.C.S.A. § 951, *et seq.*

[4] Ligonier filed an answer to Plaintiff's Complaint, and Plaintiff's claims against Ligonier are not at issue at this stage.

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Under Title VII:

> It shall be an unlawful employment practice for <u>an employer</u> – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a) (emphasis added). To resolve Grandview's motion to dismiss, the Court must determine: (1) whether, under the circumstances of this case, "an employer" in § 2000e-2(a) can mean an employer other than the plaintiff's employer; and (2) whether the facts as alleged in the Complaint give rise to a reasonable inference that Grandview was Plaintiff's co-employer.[5]

### A. **Plaintiff's "Interference" Theory**

Plaintiff argues that Grandview's motion should be denied because Grandview may be liable even if it is not Plaintiff's employer. Plaintiff relies on Sibley Memorial Hospital v. Wilson, 488 F.2d 1338 (D.C. Cir. 1973), in which the plaintiff was a male private duty nurse and the defendant was a hospital that referred private duty nurses to patients. The nurse was not employed by the hospital, but the hospital controlled access to the job market (i.e., patients wanting to hire private duty nurses). The D.C. Circuit found that the hospital's refusal to refer the plaintiff to female patients made the hospital potentially liable for sex discrimination under

---

[5] Unlike 42 U.S.C. § 2000e-2(a), the PHRA includes provisions that are not limited to "employers." See 43 P.S. §§ 955(d)-(e). However, Plaintiff explains that her "claim under PHRA is subject to the same analysis as her Title VII claim." Pl.'s Br. at 7 n.1 (Doc. 14). Thus, Plaintiff does not appear to be asserting claims against Grandview under 43 P.S. § 955(d) or § 955(e) of the PHRA and, therefore, this claim must be dismissed. If appropriate, Plaintiff may assert such claims in an amended complaint.

3

Title VII for "interfering with an individual's employment opportunities with another employer." 488 F.2d at 1341.

This Court need not decide whether a Sibley interference theory is ever viable, because Sibley does not apply to the circumstances of this case.[6] Unlike the plaintiff in Sibley, Plaintiff here makes no allegations demonstrating Grandview's control over Plaintiff's access to the job market. No allegations in the Complaint demonstrate that Grandview had any ability to interfere with the employment relationship between Plaintiff and Ligonier. From the allegations of the Complaint, Grandview was nothing more than the location where Plaintiff met with her client. None of the cases cited by Plaintiff involve circumstances analogous to the circumstances of the instant case. See Doe v. St. Joseph's Hosp. of Ft. Wayne, 788 F.2d 411, 421-25 (7th Cir. 1986) (permitting Title VII claim by non-employee physician against hospital for revocation of hospital staff privileges), overruled by Alexander v. Rush N. Shore Med. Ctr., 101 F.3d 487, 491-94 (7th Cir. 1996); Gomez v. Alexian Bros. Hosp. of San Jose, 698 F.2d 1019, 1021-22 (9th Cir. 1983) (permitting Title VII claim against hospital for hospital's refusal to enter contract with plaintiff's employer); Sherman v. Burke Contracting, Inc., 891 F.2d 1527, 1532 (11th Cir. 1990)

---

[6] The Third Circuit has neither adopted nor rejected Sibley. The D.C. Circuit has suggested that its decision in Sibley is limited to an "intermediary" between employees and services that might employ them. Redd v. Summers, 232 F.3d 933, 941 (D.C. Cir. 2000). Other Circuits have split on whether and to what extent to adopt Sibley's "interference" theory of Title VII liability. See Lopez v. Massachusetts, 588 F.3d 69, 89 (1st Cir. 2009) (rejecting Sibley); Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 373-76 (2d Cir. 2006) (disagreeing with Sibley); Bender v. Suburban Hosp., Inc., 159 F.3d 186, 189 (4th Cir. 1998) (requiring plaintiff in Title VII action to allege harm to an employer-employee relationship); Christopher v. Stouder Mem. Hosp., 936 F.2d 870, 874-77 (6th Cir. 1991) (applying Sibley); Shah v. Deaconess Hosp., 355 F.3d 496, 500 (6th Cir. 2004) (suggesting that adoption of interference theory in Christopher might be inconsistent with more recent cases applying common law agency test); Alexander v. Rush N. Shore Med. Ctr., 101 F.3d 487, 491-94 (7th Cir. 1996) (finding that independent contractor physician may not bring Title VII claim against hospital); Gomez v. Alexian Bros. Hosp. of San Jose, 698 F.2d 1019, 1021-22 (9th Cir. 1983) (agreeing with Sibley); Zaklama v. Mt. Sinai Med. Ctr., 842 F.2d 291, 294 (11th Cir. 1988) (following Sibley).

(permitting Title VII retaliation claim against former employer for alleged retaliation after termination of employment relationship).

Further, Third Circuit precedent suggests that an employment relationship between the plaintiff and the defendant is required for liability under 42 U.S.C. § 2000e-2(a). In United States v. Board of Education for the School District of Philadelphia, 911 F.2d 882 (3d Cir. 1990), a plaintiff teacher sued a school board and the Commonwealth of Pennsylvania, alleging religious discrimination in violation of Title VII. The court held that the Commonwealth could not be liable to the teacher under Title VII because the Commonwealth was not the teacher's "employer." Id. at 891-92. Although the Commonwealth controlled certain aspects of the terms of employment of public school teachers, such control was regulatory "rather than in the course of a customary employer-employee relationship." Id. at 891. In EEOC v. Zippo Manufacturing Co., 713 F.2d 32 (3d Cir. 1983), the court determined that the Age Discrimination in Employment Act applies only to actions by employees against their own employers. See id. at 35 ("[I]f [plaintiffs] were not [defendant's] employees, ADEA is not applicable to their cause and their allegation that [defendant] violated ADEA . . . must be rejected."). Because the scope of the "substantive prohibition of discrimination in employment" is the same for the ADEA and Title VII, id. at 38, Zippo applies to the instant case. Thus, both School District of Philadelphia and Zippo suggest that in this Circuit a Title VII claim requires an employer-employee relationship between the defendant and the plaintiff. See Tyrrell v. City of Scranton, 134 F. Supp. 2d 373, 378-80 (M.D. Pa. 2001) (analyzing Sibley, School District of Philadelphia, and other precedent to conclude that "a plaintiff in the Third Circuit must be employed by the defendant in order to state a claim under Title VII or the ADEA").

Because Sibley does not apply to the circumstances of this case, and because Third Circuit precedent suggests that a Title VII plaintiff must be employed by the defendant, this Court rejects Plaintiff's "interference" theory of liability.

**B. <u>Plaintiff's Co-Employer Theory</u>**

A defendant may be liable under Title VII if the defendant is the plaintiff's co-employer. Graves v. Lowery, 117 F.3d 723, 727 (3d Cir. 1997). At the pleading stage, co-employer status may be established through allegations of the defendant's "control over the daily employment activities" of the plaintiff. Id. at 728. Plaintiff argues that the following alleged facts demonstrate Grandview's control over Plaintiff's work: (1) Grandview's Vice Principal, Magnani, wanted Plaintiff to meet him privately in his office to discuss matters concerning Plaintiff's client; (2) Magnani gave Plaintiff his phone number and told her to contact him if she needed assistance with her client; (3) on one day that Plaintiff reported to Grandview for work, Plaintiff's client's homeroom teacher told Plaintiff that her client was absent; (4) Plaintiff reported to Grandview's main office that her client was absent; and (5) the secretary of Grandview, as well as Magnani, offered to notify Plaintiff if her client was absent in the future and asked for Plaintiff's contact information. At best, these alleged facts demonstrate that Plaintiff interacted with Grandview staff and that Grandview staff assisted Plaintiff with her client. None of these allegations demonstrate any control over Plaintiff's employment.[7] The

---

[7] Several tests exist for determining employment status. See, e.g., Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 491-94 (W.D. Pa. 2007) (Gibson, J.) (applying test from NLRB v. Browning-Ferris Industries of Pennsylvania, Inc., 691 F.2d 1117, 1123 (3d Cir.1982), to determine joint employer status under Title VII); Walker v. Correctional Med. Sys., 886 F. Supp. 515, 519-21 (W.D. Pa. 1995) (Ambrose, J.) (applying test from Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992), to determine employee status under Title VII). This Court need not decide the appropriate test to apply to Title VII actions because Plaintiff's allegations do not create a reasonable inference of an employment relationship between Plaintiff and Grandview under any test.

facts alleged in Plaintiff's Complaint therefore fail to give rise to a reasonable inference that Grandview was Plaintiff's co-employer.

**CONCLUSION**

For all of the reasons stated above, Defendant Grandview Elementary School's Motion to Dismiss (Doc. 3) is GRANTED.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant Grandview Elementary School's Motion to Dismiss (Doc. 3) is **GRANTED**. Plaintiff's claims against Grandview are **DISMISSED WITHOUT PREJUDICE**. If appropriate and consistent with Federal Rule of Civil Procedure 11, Plaintiff may file an amended complaint no later than May 9, 2011.

**IT IS SO ORDERED**.

                                          s/ Cathy Bissoon
                                          Cathy Bissoon
                                          U.S. Magistrate Judge

April 25, 2011

cc (via e-mail):

All counsel of record.